PER CURIAM
*103 Appellant seeks reversal of an order committing her to the custody of the Mental Health Division for a period not to exceed 180 days. See ORS 426.130. In her second assignment of error, appellant contends that the trial court plainly erred when it failed to advise her of the possible results of the commitment hearing as required by ORS 426.100(1). Specifically, she asserts that the trial court plainly erred when it failed to advise her of the possibilities of voluntary treatment or conditional release. In response, the state concedes that the trial court's failure to advise appellant of all of the possible results of the civil commitment proceeding as required by ORS 426.100(1) is plain error. See State v. M. M. , 288 Or. App. 111, 114-16, 405 P.3d 192 (2017) ; State v. M. S. R. , 288 Or. App. 156, 157, 403 P.3d 809 (2017). We agree that the error is plain and conclude that it is appropriate to exercise our discretion to correct the error for the reasons stated in M. M., 288 Or. App. at 116, 405 P.3d 192 (nature of civil commitment proceedings, relative interests of the parties in those proceedings, gravity of the violation, and ends of justice). Our disposition of appellant's second assignment of error obviates the need to address her first assignment of error.
Reversed.